CRABTREE *et al. vs.* GIBSON, ordinary, *et al.*

Where the ordinary let out the building of a county bridge to one who was not the lowest bidder, an injunction against paying the contractor more than the amount of the lowest bid was comprehensive enough under the circumstances. Refusal to restrain any and all payment whatever was no abuse of discretion.

February 26, 1887.

County Matters. Roads and Bridges. Injunction. Before Judge MERSHON. Charlton County. At Chambers, August 5, 1886.

Crabtree and others, as citizens and tax-payers of Charlton county, filed their bill against Gibson, the ordinary, Paxton, the county treasurer, Mattox and Dowling, alleging, in the original and amended bill, in brief, as follows: Under recommendation of the grand jury, the ordinary advertised for bids for building a county bridge. The lowest bid was made by Mattox at $350; the next lowest, by Dowling, at $500. The ordinary awarded the contract to Mattox, but he combined with Dowling to defraud the tax-payers of the county and refused to give the necessary bond. Thereupon the ordinary, without re-advertising, awarded the contract to Dowling at his bid. Dowling gave the necessary bond, took from Mattox a bond for the faithful performance of his contract, and Mattox proceeded to do the work, charging Dowling less than the amount of his bid. This operated as a fraud on the tax-payers of the county. The bridge was completed after the filing of the original bill. It was not in accordance with the specifications, nor was it worth more than $200 to build it. The ordinary has announced his intention of ordering payment for it, and payment will be made unless injunction is granted.

The ordinary answered, admitting the awarding of the contract to Mattox, his failure and refusal to give bond and the re-award to Dowling at the amount of his bid.

He asserted that the bridge had been examined by the committee appointed for that purpose and had been received; that $500 was a reasonable charge for building it and keeping it in repair for seven years; that it was nearly completed before the original bill was filed; that the bridge was in a dangerous condition, and delay in re-advertising might have involved the county in lawsuits for damages resulting from crossing it. He denied any fraud or combination, and asserted that he acted with a conscientious desire to protect the interests of the public.

Mattox and Dowling answered jointly. They admitted the award of the contract to Mattox, his refusal to give bond and the re-award to Dowling; and that Mattox built the bridge, as a sub-contractor under Dowling, for $400. They denied any fraud, and asserted that the bridge was built in a substantial manner according to specifications.

On the hearing, the chancellor enjoined the payment of more than $350, the amount of Mattox's original bid, but refused the injunction as to the payment of that amount. The complainants excepted.

FRANK H. HARRIS, for plaintiffs in error.

No appearance for defendants.

BLECKLEY, Chief Justice.

The ordinary having let out the building of a county bridge to one who was not the lowest bidder, an injunction against paying the contractor more than the amount of the lowest bid was comprehensive enough under the circumstances. Refusal to restrain any and all payment whatever, was no abuse of discretion.

There was one bidder who bid $300; another who b'd $500. The ordinary accepted the lowest bid, but the bidder would not comply with the terms; that is, would not give the bond and security required by statute. For this reason, the ordinary contracted with the second bidder,

the $500 man, accepted his bid, and took his bond and security, agreeing to pay him $500. The citizens of the county were dissatisfied, some of them thinking the bridge ought to be built for $200, and they applied for an injunction against paying the contractor anything. By the injunction granted, the payment was limited to $300; that is, to what would have been payable if the lowest bid had been the basis of contract and the work had been done upon it instead of upon the next lowest. The bridge had been built and the county had received it when the injunction was granted.

We think the chancellor did right; he has put the matter where it would have been if there had been no departure from the strict power of the ordinary. The complainants make the point that the ordinary did not have the power to accept any bid several days after the letting, without re-advertising, etc. But suppose he did not: he had the power to have the bridge built at the price at which the lowest bidder had offered to build it, and this is all that the injunction leaves him at liberty to pay.

Judgment affirmed.